UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ABBOT FAMILY DYNASTY TRUST, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5: 25-433-DCR |
| V. | ) ) | |
| CITY OF WILMORE, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Jessamine County Fiscal Court (the "Fiscal Court"), Jessamine County-City of Wilmore Joint Planning Commission (the "Planning Commission"), Brian Goettl, Judge Executive David K. West, Jeremy Young, John Goldey, Christopher Montgomery, Deputy Judge Executive Justin Ray, Magistrate Kent Slusher, Magistrate Terry Meckstroth, Magistrate Gary Morgan, Magistrate Fred Allen Meyer, Magistrate Adam Teater, and Magistrate Tim Vaughan, in their individual and official capacities (collectively the "County Defendants"), have moved to dismiss Plaintiffs Abbott Family Dynasty Trust, Malinda Abbott, Trustee, Wallace Brown, Joseph Hagen, and Sheldon Baker's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6).  [Record No. 10]

Defendants City of Wilmore and Mayor Harold Rainwater, in his individual and official capacity (collectively the "City Defendants"), also have moved to dismiss the plaintiffs'

- 1 -

Complaint pursuant to Rule 12(b)(6).   [Record No. 11][1]   After reviewing the parties' arguments, the undersigned will grant the motions to dismiss and will dismiss this matter because the federal claims are barred by the statute of limitations and the Court will decline to exercise supplemental jurisdiction over the state-law claims.

**I.**

Beginning in approximately 2019, the City of Wilmore and the Planning Commission enforced a "general policy of requiring farmers owning real property of five acres or more used for agricultural purposes to obtain a building permit for any structure built on their property and comply with local ordinance C.O. § 150.01." [Record No. 1 at ¶ 46] The defendants also enforced local ordinances imposing density requirements and minimum frontage on a public road. [*Id.* at ¶ 47–48.]   The plaintiffs allege that this enforcement "supersedes state law, regulations, code, and jurisprudence and is a constitutional violation of the rights of the Plaintiffs and residents of Jessamine County that own land of five acres or more used for agricultural purposes." [*Id.* at ¶ 51] Specifically, they contend that the defendants implemented and enforced a permitting scheme that disregards Kentucky's agricultural exemption. [*Id.* at ¶ 3 (citing KRS § 100 and *Nash v. Campbell County Fiscal Court*, 345 S.W.3d 811 (Ky. Aug. 25, 2011)] And as set forth more fully below, each plaintiff further alleges that they suffered injury because of the enforcement of these local ordinances.

**Wallace Brown**: Wallace Brown owns a 98-acre tract at 2020 Elm Fork Road. [Record No. 1 at ¶ 92]  He filed for a five-lot agricultural division in 2017. [*Id.* at ¶ 93]  He obtained a

---

[1]   Defendant Henry Smith, counsel for the Planning Commission, filed an Answer but did not join in either of the motions to dismiss.  Because claims asserted against him have not been resolved, a final Judgment will not be entered at this time.

permit to build a cattle barn in early 2023. [*Id.* at ¶¶ 97, 99]  On August 25, 2023, however, the Planning Commission issued a cease-and-desist letter after determining that he was constructing a second residence. [*See Id.* at ¶¶ 98–99; *see also* Record No. 1-59.]  Suit was filed by the Planning Commission against Brown in Jessamine Circuit Court in January 2024. [*Id.* at ¶ 98; Record No. 1-60] "During the course of enforcement by Defendant … Planning Commission, Defendant Jeremy Young prevented Mr. Brown from the sale of his 98-acre tract (consisting of Lots 1-5) to a prospective buyer." [Record No. 1 at ¶ 100]

**Joseph Hagen**: Joseph Hagen owned 68.66 acres on Clear Creek Road in Jessamine County. [Record No. 1 at ¶ 107]  He subdivided the property into eight agricultural lots and, on August 15, 2023, applied to build a farm dwelling on a five-acre tract where he intended to operate a small family farm. [*Id.* at ¶¶ 108–111, 113–15]  The Planning Commission denied the application on September 20, 2023. [*Id.* at ¶ 119]

Hagen appealed that decision to the Jessamine County – City of Wilmore Joint Board of Adjustments (the "Board"), which upheld the denial following a hearing. [*Id.* at ¶ 123, 125–26] He later sold two lots to adjoining farmers and, on December 12, 2023, appealed the Board's decision to the Jessamine Circuit Court in case number 23-CI-00674. [*Id.* at ¶ 130–31] The Planning Commission responded with a counterclaim seeking to unwind those sales. [*Id.* at ¶ 132; *see also* Record No. 1-70.]  On April 2, 2024, Hagen asserted an abuse-of-process counterclaim against the Planning Commission. [Record No. 10-2]

On February 25, 2025, the Jessamine Circuit Court affirmed the Board's decision upholding the Planning Commission's denial of the building application. [Record No. 10-3] Hagen appealed, and the matter is now pending before the Court of Appeals of Kentucky in case numbers 2025-CA-0527-MR and 2025-CA-0529-MR. [Record No. at ¶ 139]

- 3 -

**Sheldon Baker**: Sheldon Baker owns 51.9 acres located at 1131 Cobb Lane in Jessamine County. [Record No. 1 at ¶ 144] Baker filed a minor subdivision application in March 2024, which the Planning Commission denied on March 15, 2024, stating that the parcel was not eligible for a minor subdivision. [*Id.* at ¶¶ 146 – 47; Record Tr. No. 1-71] Baker later filed a complaint with the Kentucky Department of Housing, Building, and Construction ("KDHBC"). However, he does not allege that he appealed the denial of the subdivision application to the Board or the Jessamine Circuit Court. [Record No. at ¶ 150]

**Malinda Abbott**: Malinda Abbott serves as trustee of the Abbott Family Dynasty Trust, which owns 16.87 acres at 1251 Bethany Road in Jessamine County. [Record No. 1 at ¶ 155] Abbott began constructing a farm dwelling while residing in an existing farm dwelling on the property in December 2023. [*Id*. at ¶¶ 159–60] She received a notice of violation and a cease-and-desist letter on January 8, 2024. [*Id.* at ¶ 161]

Abbott contacted the KDHBC and the Jessamine County attorney but continued construction until March 28, 2024, when she received a complaint and motion for a restraining order in Jessamine County Civil Action No. 24-CI-00194. [*Id.* at ¶¶ 163, 166] On April 12, 2024, Abbott filed an answer and a counterclaim for abuse of process. [Record No. 10-5] The Jessamine Circuit Court entered a permanent injunction against heron February 25, 2025, and she appealed. [Record No. 1 at ¶¶ 177, 179] On January 9, 2026, the Court of Appeals of Kentucky affirmed the permanent injunction. *Abbott Family Dynasty Tr. v. Jessamine Cnty.-City of Wilmore Joint Planning Comm'n*, 2025-CA0403-MR, 2026 WL 71108, at *3 (Ky. App. Jan. 9, 2026).

The plaintiffs filed the present Complaint on November 21, 2025. [Record No. 1] They assert claims under 42 U.S.C. § 1983 for unlawful custom and practice and *Monell* liability

- 4 -

against the Planning Commission and the City of Wilmore; supervisory liability under § 1983 Jeremy Young, David West, Brian Goettl, Henry Smith, John Goldey, and Christopher Montgomery; and violations of due process and equal protection under § 1983 against all defendants. [*Id.* at 31–41] Hagen also asserts a state-law claim for tortious interference with a contract, and Hagen and Brown assert state-law claims for tortious interference with prospective economic advantage against all defendants. [*Id.* at 41–42]

## II.

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And while plaintiffs are not required to plead facts showing that the defendant is likely to be responsible for the harm alleged, they must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. If the plaintiff's allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). *See also Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th

Cir. 2012) (observing that dismissal is appropriate when "the allegations in the complaint affirmatively show that the claim is time-barred").

When reviewing a motion under Rule 12(b)(6), the court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). And it may consider exhibits attached to the defendant's motion to dismiss if they are referenced in the complaint and central to the claims. *Bassett v. Nat'l Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.

The County Defendants move to dismiss all claims against them for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6). [Record No. 10] They argue that: Baker waived his claims by failing to appeal the Planning Commission's denial of his subdivision application; all § 1983 claims are barred by the statute of limitations; KRS § 100.347 provides the exclusive remedy for the plaintiffs' claims; this action improperly splits the plaintiffs' causes of action; the Complaint constitutes an improper collateral attack on the Jessamine Circuit Court and Kentucky Court of Appeals' rulings; and the Court should abstain from considering the claims against the County Defendants. [Record No. 10-1]

The City Defendants move to dismiss all claims against them for failure to state a claim under Rule 12(b)(6). [Record No. 11] They argues that a cause of action does not exist between the plaintiffs and the City of Wilmore and its mayor, Mayor Rainwater because they have taken no action regarding the plaintiffs. [Record No. 11-1] And the City Defendants incorporate the defenses and arguments asserted in the County Defendants' Motion to Dismiss. [*Id.* at 2]

Applicable law imposed a one-year statute of limitations on these claims.  *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("Section 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)"); *see also* KRS § 413.140(1)(a) (noting Kentucky law provides that personal-injury torts have a one-year statute of limitations).  A § 1983 claim accrues "when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury."  *Bishop v. Child's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010) (quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)).  Because the plaintiffs filed the Complaint on November 21, 2025, any claim that accrued more than one year before that date is time-barred.

The County and City Defendants argue that: plaintiffs' § 1983 claims arise from enforcement of local ordinances; all relevant enforcement of local ordinances occurred before November 21, 2024; and each plaintiff knew of should have known of the injury and its cause before that date.  [*See* Record No. 10-1 at 7; *see also* Record No. 11-1 at 2.]  They therefore contend that the claims are untimely and should be dismissed.  [*Id.*]

The plaintiffs do not dispute that the defendants' enforcement actions took place more than one year before they filed their Complaint; however, they respond that they could not reasonably have discovered the alleged constitutional defect until the KDHBC issued a public bulletin on February 12, 2025.  [*See* Record No. 14 at 4 (citing Record No. 1 at ℙ 67); *see also* Record No. 1-52.]  They assert the bulletin clarified that local governments may not require permits for qualifying agricultural structures as the defendants did.  [*Id.* (citing Record No. 1 at ℙ 69)] The plaintiffs further allege that, until then, the defendants consistently represented their ordinances and enforcement as lawful.  [*Id.* at 4–5 (citing Record No. 1 at ℙℙ 56, 62, 64,

- 7 -

65, 71, 72, and 73)]   Based on these allegations, the plaintiffs argue that the defendants' misrepresentation and concealment tolled the limitations period until February 12, 2025, when the bulletin issued and the plaintiffs could reasonably link their injuries to a constitutional violation.   [*Id.* at 5–6] At a minimum, the plaintiff contend the Complaint plausibly alleges delayed accrual and fraudulent concealment, creating factual issues that cannot be resolved on a motion to dismiss.   [*Id.* at 6]

As a general matter, Rule 12(b)(6) is not a proper vehicle to dismiss a claim on statute-of-limitations grounds unless the complaint, on its face, reveals that it is time-barred.  *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).   For dismissal to be proper in that context, it must affirmatively show the plaintiff "can prove no set of facts to entitle him to relief."   *Dimond Rigging Co., LLC v. BDP Int'l, Inc.*, 914 F.3d 435, 441 (6th Cir. 2019) (citations and emphasis omitted).

Here, the plaintiffs do not argue that they lacked knowledge of their injuries or their causes, or that they could not have discovered them through due diligence.   Instead, they contend that they could not reasonably have known the *legal significance* of those facts.   But a § 1983 claim accrues when a reasonable person knows, or through due diligence should show, of the injury and its cause—not when the plaintiff discovers the legal significance of those facts.  *Bishop*, 618 F.3d at 536.

A plaintiff's ignorance of a cause of action does not satisfy the requirements of due diligence and does not toll the statute of limitations.  *Campbell v. Upjohn Co.*, 676 F.2d 1122, 1127 (6th Cir. 1982) (citing *Akron Presform Mold Company v. McNeil Corporation, supra*, 496 F.2d 230, 234 (6th Cir.) cert. denied, 419 U.S. 997 (1974)). Therefore, the plaintiffs' fraudulent concealment argument fails.  While concealment of operative facts may toll the

statute of limitations, reliance of a defendant's assurances about the legality of its conduct does not. Accordingly, to be timely, the plaintiffs' § 1983 claims must have accrued within one year of the filing of the Complaint on November 21, 2025.

But the pleadings demonstrate that each enforcement action by the County Defendants occurred more than one year before that date. The Planning Commission issued cease-and-desist orders to Brown on August 25, 2023 [Record No. 1 at ⁋ 98] and to Abbott on January 8, 2024 [*Id.* at ⁋ 161]. It denied Hagen's building permit application on September 20, 2023 [*Id.* at ⁋ 119] and Baker's minor subdivision application on March 14, 2024 [*Id.* at ⁋ 147]. Hagen appealed the Board's denial in Jessamine Circuit Court on December 12, 2023 [Record No. 10-3], and the Planning Commission filed lawsuits against Brown and Abbott on January 22, 2024, and March 26, 2024, respectively [Record No. 1 at ⁋⁋ 98, 166; Record No. 1-60; Record No. 1-73] Because the plaintiffs do not dispute that they did not know, or that they could not have reasonably discovered, their injuries and their causes on or before November 21, 2024, their § 1983 claims are barred by the statute of limitations.

Only Hagen's state-law claim for tortious interference with contract and Hagen and Brown's claims for tortious interference with prospective economic advantage remain. A court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted).

Because the Court will dismiss the federal claims, it declines to exercise supplemental jurisdiction over Hagen's and Brown's state-law claims.

- 9 -

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      The County Defendants' motion to dismiss [Record No. 10] is **GRANTED**.

2.      The City Defendants' motion to dismiss [Record No. 11] is **GRANTED**.

3.      Claims I, II, III, and IV of the plaintiffs' Complaint [Record No. 1] are **DISMISSED**, with prejudice, with respect to the moving defendants.

4.      Claims V and VI of the plaintiffs' Complaint [Record No. 1] are **DISMISSED**, without prejudice, with respect to the moving defendants.

Dated:  April 14, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky